UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBORAH GANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-2164-B |
| | § | |
| STATE FARM LLOYDS and | § | |
| NICK LERMA, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Deborah Gant ("Gant")'s Motion to Remand (Doc. 5). Because the Court finds there is no reasonable basis to predict that Gant may be able to recover against the nondiverse defendant, Nick Lerma ("Lerma"), and that Lerma was therefore improperly joined, the Court **DISMISSES WITHOUT PREJUDICE** Gant's claims against Lerma. Further, because complete diversity of citizenship exists between Gant and the remaining defendant, State Farm Lloyds ("State Farm"), the court concludes it has subject-matter jurisdiction over this dispute and therefore **DENIES** Gant's Motion to Remand (Doc. 5).

## I.

## BACKGROUND

This is an insurance dispute. Gant alleges that her home was hit by a storm in August 2020 and "suffered damage from numerous plumbing leaks and water damage." Doc. 1-5, Pet., ¶¶ 9, 12, 14. At the time of the damage, Gant maintained a homeowner's insurance policy with Defendant State Farm that she contends covered "losses due to plumbing leaks and water damage." *Id.* ¶¶ 11–12.

- 1 -

"[O]n August 18, 2020, [Gant] reported a $209,769.47 claim to State Farm," and State Farm assigned adjusters, including Defendant Lerma, to investigate and facilitate her claim. *See id.* ¶¶ 12–14, 16. However, according to Gant, the "adjusters handled the claim in a manner calculated to construct a pretextual basis for denial or underpayment of [her] claim." *Id.* ¶ 14. Specifically, Gant alleges that Lerma "intentionally misrepresented the terms of the policy" and made a "'lowball' offer" in attempt to functionally deny Gant's claim. *Id.* ¶ 16. Gant further contends that State Farm and Lerma "failed to provide evidence to support [their] denial of the claim pursuant to the terms of the policy" and that "Lerma's scant denial letters provided no explanation for denial of covered damages." *Id.* ¶¶ 33, 37. As a result, Gant argues, State Farm "closed the claim [without] conducting a reasonable investigation into all the covered damages to the property." *Id.* ¶ 13.

On August 16, 2021, Gant filed suit in Texas state court against State Farm and Lerma. *Id.* at 1. Gant asserts claims against State Farm for breach of contract, violations of the Texas Insurance Code, breach of a duty of good faith and fair dealing, breach of the Prompt Payment of Claims Act, and breach of express or implied warranty. *Id.* ¶¶ 19–55. Gant brings claims against Lerma for violations of the Texas Insurance Code. *See id.* ¶¶ 30–39; Doc. 5, Pl.'s Mot., ¶¶ 16–17. To date, there is no record of Gant having served Defendant Lerma.

On September 10, 2021, State Farm removed the case to federal court based on diversity jurisdiction. Doc. 1, Not. Removal, 1. It is undisputed that Gant and Lerma are citizens of Texas and that State Farm is a citizen of Illinois and Colorado. *See id.* ¶¶ 7–9; Doc. 1-5, Pet., ¶¶ 2, 7; *see also* Doc. 5, Pl.'s Mot. (not challenging State Farm's claim to Illinois and Colorado citizenship). Despite Lerma's nondiverse citizenship, State Farm argues that removal is proper on the basis of diversity because Lerma was improperly joined to this suit. Doc. 1, Not. Removal, ¶ 9. Gant then filed the

instant motion to remand arguing that the Court lacks subject-matter jurisdiction over this case because Lerma is a properly joined nondiverse defendant. Doc. 5, Pl.'s Mot., ¶ 1. The motion is briefed and ripe for review.

## II.

## LEGAL STANDARDS

A.    *Removal Based on Diversity Jurisdiction*

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* (citation omitted). And "[i]f the record does not contain sufficient evidence to show that subject matter jurisdiction exists, 'a federal court does not have jurisdiction over the case.'" *Id.* (citation omitted).

A defendant may remove a case from state to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). Diversity jurisdiction requires complete diversity, which is "[t]he concept . . . that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.* 376 F.3d 344, 353 (5th Cir. 2004) (citation omitted). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

"[A]s long as a nondiverse party remains joined, the *only* issue the court may consider is that of jurisdiction itself. This is because 'a federal court *always* has jurisdiction to determine its own

jurisdiction.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) (quoting *United States v. Ruiz*, 536 U.S. 622, 622 (2002)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is . . . to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

B.     *Improper Joinder*

Though diversity jurisdiction requires complete diversity of parties, "[t]he improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). Under the doctrine, a case involving a nondiverse defendant may nevertheless be removed to federal court if it is established that the nondiverse defendant was improperly joined. *See Ridgeview Presbyterian Church v. Phila. Indem. Ins. Co.*, 2013 WL 5477166, at *2 (N.D. Tex. Sept. 30, 2013) (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). If the party fails to meet this burden and joinder of the in-state party was proper, removal will be inappropriate, and the federal court will not have subject-matter jurisdiction. *Id.* at 575 ("The Supreme Court thus made clear that the burden on the removing party is to prove that the joinder of the in-state parties was improper . . . .").

The Fifth Circuit has traditionally recognized "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a

- 4 -

cause of action against the non-diverse party in state court.'" *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). When, as here, the defendant argues the latter method, the test "is whether the defendant has demonstrated that . . . there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

To determine whether a plaintiff has a reasonable basis of recovery under state law, "[t]he court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy*, 818 F.3d at 207 (second and third alterations in original) (quoting *Smallwood*, 385 F.3d at 573). "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573–74. Since no such inquiry is necessary here, the Court conducts the familiar "Rule 12(b)(6)-type analysis . . . to apply the federal pleading standard embodied" therein. *Int'l Energy*, 818 F.3d at 207–08.

To meet the federal pleading standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the [petition] has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679. In conducting its analysis, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable

to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

# III.

## ANALYSIS

Gant argues that State Farm has failed to establish complete diversity of citizenship[1] because, contrary to State Farm's position in its Notice of Removal, she has pleaded viable claims against Lerma for violating the Texas Insurance Code.[2] Doc. 5, Pl.'s Mot., ¶¶ 9–11. Gant's Texas Insurance Code claims against Lerma arise under §§ 541.051(1), 541.061, and 541.060(a)(1), (a)(2), (a)(3), (a)(4), and (a)(7).[3] *See* Doc. 1-5, Pet., ¶¶ 30–39; Doc. 5, Pl.'s Mot., ¶ 16. Below, the Court considers each of Gant's claims in turn and concludes that State Farm has carried its heavy burden of showing that Lerma has been improperly joined.

---

[1] In addition to complete diversity, 28 U.S.C. § 1332(a) requires an amount in controversy exceeding $75,000. Gant's petition states that she "seeks monetary relief of over $250,000 but less than $1,000,000." Doc. 1-5, Pet., ¶ 5. As such, the Court considers the amount-in-controversy requirement satisfied and focuses its analysis on whether complete diversity exists.

[2] The Court notes that Gant's motion to remand includes updated and, in some cases new, factual allegations. Doc. 5, Pl.'s Mot., ¶¶ 3–7 (repeating allegations in the petition but substituting "Lerma" for "adjuster" or "Defendants' [sic]" in several sentences), ¶ 13 (alleging for the first time that Lerma denied the claim on grounds contrary to an engineering report). However, the Court will not consider any new or edited allegations because removal jurisdiction is evaluated based upon the state court petition as it existed at the time of removal. *See Wingate v. Air Prods.*, 166 F. App'x 98, 100 (5th Cir. 2006) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

[3] The Fifth Circuit "and the Texas Supreme Court have both recognized that 'Texas law clearly authorizes [Chapter 541] actions against insurance adjusters in their individual capacities.'" *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020) (alteration in original) (quoting *Gasch,* 491 F.3d at 282. But district courts in the Fifth Circuit disagree as to "which provisions of Chapter 541 apply to adjusters." *Id.* (collecting cases). Because Lerma has failed to plead facts supporting any of her Texas Insurance Code claims against Lerma, the Court proceeds without deciding whether individual adjusters may be held liable for violating the sections identified by Gant's petition. *See infra* Part III(A)–(F).

A.    *Sections 541.051(1) and 541.061*

"Sections 541.051 and 541.061 [of the Texas Insurance Code] prohibit, among other things, misrepresenting the terms of a policy or misrepresenting a policy by making untrue statements of material facts, leaving out material facts, or making a statement in a way that would lead a reasonably prudent person to a false conclusion about a material fact." *PSG-Mid Cities Med. Ctr., LLC v. Jarrell*, 2020 WL 7398782, at *3 (N.D. Tex. Dec. 17, 2020); *see* Tex. Ins. Code Ann. §§ 541.051(1), 541.061. According to Gant, Lerma violated these provisions by "misrepresent[ing] the terms of [Gant's] additional living expenses coverage" and "fail[ing] to provide evidence to support [his] denial of the claim pursuant to the terms of the policy." Doc. 1-5, Pet., ¶¶ 32–33; Doc. 5, Pl.'s Mot., ¶ 16. The Court finds these allegations insufficient to plead a viable claim under §§ 541.051(1) or 541.061.

"To recover under §§ 541.051 and 541.061 for the alleged misrepresentation, [the plaintiff] must prove that it was a producing cause of damages."[4] *ValTex Props. LLC v. Cent. Mut. Ins. Co.*, 2020 WL 6781944, at *4 (N.D. Tex. Nov. 18, 2020) (alteration in original) (quoting *Nunn v. State Farm Mut. Auto. Ins. Co.*, 729 F. Supp. 2d 801, 813 (N.D. Tex. 2010); *see* Tex. Ins. Code Ann. § 541.151 (authorizing private actions for those "who sustain[] actual damages . . . caused by" an insurer's violation of the Texas Insurance Code). For this reason, "post-loss statements generally cannot serve as the basis for fraud or misrepresentation claims because the insured did not rely on or 'take action' based on such statements to their own detriment." *Rodriguez v. Safeco Ins. Co. of Ind.*, 2019 WL 650437, at *5 (W.D. Tex. Jan. 7, 2019); *see Jarrell*, 2020 WL 7398782, at *3.

---

[4] State Farm argues that the heightened pleading standard of Federal Rule of Civil Procedure 9(b) should apply to Gant's claims under § 541.061. *See* Doc. 6, Def.'s Resp., ¶ 19. Because the Court concludes that Gant's petition fails to plead a viable § 541.061 claim under the traditional pleading standard, it declines to decide whether Rule 9(b)'s heightened standard applies.

Here, Gant has not alleged that Lerma's alleged misrepresentation or failure to provide evidence was the producing cause of any damage. *Cf. Jarrell*, 2020 WL 7398782, at *3 (citing *Partain v. Mid-Continent Specialty Ins. Servs., Inc.*, 838 F. Supp. 2d 547, 558–59 (S.D. Tex. 2012), *aff'd sub nom. Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388 (5th Cir. 2014)) (finding the failure to allege reliance or causation fatal to the plaintiff's § 541.051 and § 541.061 claims). Therefore, the Court finds that Gant has failed to plead a viable claim against Lerma for violating §§ 541.051(1) or 541.061.

B.      *Section 541.060(a)(1)*

Section 541.060(a)(1) prohibits insurers from "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." Tex. Ins. Code. Ann. § 541.060(a)(1). In support of this claim, Gant pleads the following:

> Defendants[] misrepresented a material fact or policy provision relating to coverage at issue when it [sic] intentionally misrepresented the terms of [Gant's] additional living expenses coverage. Defendants[] promised to cover "direct physical loss" to the dwelling and failed to do so.

Doc. 1-5, Pet., ¶ 35.

To start, this Court has previously found that a § 541.060(a)(1) claim, like other misrepresentation claims under the Texas Insurance Code, "requires reliance on the misrepresentation to the plaintiff's detriment." *ValTex Props. LLC*, 2020 WL 6781944, at *3. Thus, like with her §§ 541.051(1) and 541.061 claims, Gant's failure to allege detrimental reliance on Lerma's purported misrepresentation precludes her § 541.060(a)(1) claim.

Next, even had Gant alleged reliance, her bare allegation that Lerma misrepresented "the terms of [her] additional living expenses coverage"—repeated throughout her petition—is conclusory. *See* Doc. 1-5, Pet., ¶¶ 32–33, 35–36. Gant's petition does not provide the relevant policy

terms, identify the statement constituting the alleged misrepresentation, explain how the statement

was false or misleading, or detail how she was damaged by Lerma's representation. *See id.* Absent

supporting factual matter, this allegation is "nothing more than [a] legal conclusion[] couched as [a]

factual allegation[], which the [C]ourt need not consider" when deciding a motion to remand.

*Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *4 (N.D. Tex. May 22,

2009); *see Petree v. Metro. Lloyds Ins. Co. of Tex.*, 2016 WL 3090592, at *4 (N.D. Tex. June 2, 2016)

(dismissing § 541.060(a)(1) claims against an adjuster where the plaintiffs "allege[d] that [the

adjuster] misrepresented material facts relating to the coverage at issue, but . . . fail[ed] to identify

a single statement or any specific misrepresentation . . . that would support a cause of action under

§ 541.060(a)(1)").

Finally, Gant's allegation that Lerma "promised to cover 'direct physical loss' to the dwelling

and never intended to do so," Doc. 1-5, Pet., ¶ 35, is emblematic of a dispute regarding the facts

giving rise to the claim—not the policy itself—which is not a violation of § 541.060(a)(1). *See*

*ValTex Props. LLC*, 2020 WL 6781944, at *3; *One Way Invs. v. Century Sur. Co.*, 2014 WL 6991277,

at *4 (N.D. Tex. Dec. 11, 2014) ("The misrepresentation must be about the details of a policy, not

the facts giving rise to a claim for coverage." (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*,

10 F. Supp. 3d 721, 724 (N.D. Tex. 2014)).

For these reasons, the Court concludes that Gant has failed to plead a viable § 541.060(a)(1)

claim against Lerma.

C.    *Section 541.060(a)(2)(A)*

Section 541.060(a)(2)(A) makes it unlawful for an insurer to "fail[] to attempt in good faith

to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the

insurer's liability has become reasonably clear." Tex. Ins. Code. Ann. § 541.060(a)(2)(A). To support this claim, Gant again relies on her conclusory allegation that Lerma misrepresented her additional living expenses coverage. *See* Doc. 1-5, Pet., ¶ 36. Gant argues that "[m]isrepresenting the terms of [Gant's] additional living expenses coverage is not good faith . . . [and is] evidence of conscious disregard of the truth." *Id.* Because this claim relies exclusively upon Gant's conclusory allegation that Lerma misrepresented her policy, the Court finds she has failed to plead a viable § 541.060(a)(2)(A) claim against Lerma.

D.   *Section 541.060(a)(3)*

Section 541.060(a)(3) punishes insurers that "fail[] to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." Tex. Ins. Code Ann. § 541.060(a)(3).

In support of her § 541.060(a)(3) claim against Lerma, Gant's Petition alleges that "Lerma's scant denial letters provided no explanation for denial of covered damages." Doc. 1-5, Pet., ¶ 37. However, because Gant's petition also alleges that Lerma "misrepresented the terms of the policy" and "misrepresented . . . the cause and extent of damage to the property," Doc. 1-5, Pet., ¶¶ 16, 39, the Court construes her petition as challenging the adequacy—not the existence—of Lerma's explanation. *Cf. Birdow v. State Farm Mut. Auto. Ins. Co.*, 2021 WL 5448973, at *7 & n.5 (N.D. Tex. Nov. 22, 2021) (concerning a challenge to the existence of an explanation).

Gant's petition fails to plead a § 541.060(a)(3) claim against Lerma. First, the court reiterates that Gant's allegation that Lerma misrepresented her policy is conclusory and not entitled to the traditional 12(b)(6)-type presumption of truth. *See supra* Part III(B). And second, because Gant does

- 10 -

not provide the date the letters were received, detail the content of the letters, or offer any other factual basis for why the letters were inadequate, the Court finds her descriptions of Lerma's letters as "scant" and "provid[ing] no explanation" similarly conclusory. *See Richards v. Allstate Indem. Co.*, 2017 WL 3274470, at *7 (W.D. Tex. May 31, 2017) (finding a plaintiff failed to state a § 541.060(a)(3) claim when his petition "contain[ed] no details whatsoever about what explanations [were provided]"); *Thomas v. State Farm Lloyds*, 2015 WL 6751130, at *4 (N.D. Tex. Nov. 4, 2015) (finding no § 541.060(a)(3) claim where the petition alleged that the adjuster failed to provide "any explanation for the failure to adequately settle [the plaintiff's] claim). Accordingly, the Court concludes that Gant has failed to plead factual matter sufficient to make out a § 541.060(a)(3) claim against Lerma.

E.     *Section 541.060(a)(4)*

Section 541.060(a)(4) punishes the failure to, within a reasonable time, "affirm or deny coverage of a claim to a policyholder" or "submit a reservation of rights to a policyholder." Tex. Ins. Code Ann. § 541.060(a)(4). While Gant's Petition recites the statutory language of § 541.060(a)(4), she provides no factual matter to support her claim. *See* Doc. 1-5, Pet., ¶ 34. Gant's petition alleges that (1) she reported her claim on August 18, 2020; (2) adjusters investigated the claim; and (3) Lerma sent a "'lowball' offer" and/or denied the claim. *Id.* ¶¶ 12–14, 16, 23. But Gant's failure to provide dates is fatal to her § 541.060(a)(4) claim because none of these facts indicates that Lerma's disposition was not communicated "within a reasonable time." *See* § 541.060(a)(4). Therefore, the Court finds the Gant has not pleaded a claim against Lerma under § 541.060(a)(4).

F.     *Section 541.060(a)(7)*

Section 541.060(a)(7) makes it unlawful for an insurer to "refus[e] to pay a claim without conducting a reasonable investigation with respect to the claim." Tex. Ins. Code. Ann. § 541.060(a)(7). For this claim, Gant recites the statutory language and alleges that "the adjusters handled the claim in a manner calculated to construct a pretextual basis for denial or underpayment of [Gant's] claim." *See* Doc. 1-5, Pet., ¶¶ 14, 37. These allegations are conclusory as Gant provides no facts to support them. *See id.*; *cf. Wilson v. State Farm Mut. Auto Ins. Co.*, 2021 WL 2917236, at *3 (N.D. Tex. July 9, 2021) (finding an allegation that the adjuster "refus[ed] to pay a claim without conducting a reasonable investigation with respect to the claim," without supporting facts, was "facially insufficient under federal pleading standards"); *Petree*, 2016 WL 3090592, at *4 (finding an allegation that the defendant-adjuster "performed an outcome-oriented investigation" insufficient). Therefore, the Court has no reason to predict that Gant would recover against Lerma under § 541.060(a)(7).

In sum, none of Gant's Texas Insurance Code claims against Lerma satisfy the federal pleading standard; therefore, the Court concludes that Lerma was improperly joined as a party to this lawsuit.[5] Accordingly, Gant's claims against Lerma are dismissed without prejudice. *See Int'l Energy*, 818 F.3d at 210 ("[T]he only ground for dismissing any improperly joined, nondiverse party is lack of subject matter jurisdiction . . . . Therefore, the dismissal . . . must be a dismissal *without* prejudice in every instance."). And because disregarding Lerma's nondiverse citizenship results in complete

---

[5] This conclusion is further supported by Gant's failure to serve Lerma or respond to State Farm's contention that Gant has never attempted to serve Lerma. *See* Doc. 6, Def.'s Resp., ¶ 7; *DeCluette v. State Farm Lloyds*, 2013 WL 607320, at *3 (N.D. Tex. Feb. 19, 2013) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

diversity between Gant and State Farm, the Court finds that it has subject-matter jurisdiction over this case and denies Gant's motion to remand.

### IV.

### CONCLUSION

For the foregoing reasons, the Court **ORDERS** that all claims asserted by Gant against Defendant Lerma are hereby **DISMISSED WITHOUT PREJUDICE**. Further, the Court **DENIES** Plaintiff's Motion to Remand (Doc. 5).

**SO ORDERED**.

**SIGNED: January 27, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE